

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00057-CR

JACKIE LYNN ELLIOTT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Van Zandt County, Texas
Trial Court No. CR21-00323

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

This case concerns an alleged day-of-trial change from retained counsel to counsel the defendant claims (on appeal)[1] to have neither known nor wanted. At issue is what must be done to preserve a complaint that the change in counsel violated the defendant's constitutional right to counsel of choice. This case also concerns the distinction between direct appeal and an application for habeas corpus based on ineffective assistance of counsel. Here, we are on direct appeal. The record shows that a new attorney appeared on the morning of trial and that Jackie Lynn Elliott did not object to the new attorney's appearance. Beyond that, the record before us is largely silent on the salient issue of how the appearance of new counsel came about. Therefore, on this record, we find that no error was preserved. We affirm the trial court's judgment.

## I.      Background

On September 24, 2021, a Van Zandt County grand jury indicted Elliott for possession of less than one gram of methamphetamine, which, standing alone, would be a state jail felony under Section 481.115(b) of the Texas Health and Safety Code punishable under Section 12.35 of the Texas Penal Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.); TEX. PENAL CODE ANN. § 12.35. However, the indictment alleged two prior convictions on state jail felony charges of possession of a controlled substance, making her 2021 charges subject to punishment as a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.425. Consequently, the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

punishment range of the indicted offense in this case was a fine of up to $10,000.00 and imprisonment from two to ten years. *See* TEX. PENAL CODE ANN. § 12.34.

On November 30, 2021, the trial court[2] found Elliott to be indigent and appointed Kasey Chester to represent her. On September 12, 2022, Bill Knox filed a request to appear as attorney of record. On September 16, 2022, Chester moved to withdraw. On September 22, 2022, the trial court granted Chester's motion to withdraw.

On February 13, 2023, the trial court called the case to trial. But it was not Knox who announced ready for Elliott. It was Donna Winfield. There is no prior reference to Winfield in the record. For example, there was no written motion to withdraw by Knox nor was there a written motion for entry of appearance by Winfield. Nor do oral motions to that effect appear in the court reporter's record of the trial.

Elliott concedes that, at no point did she object to the appearance of Winfield. There is nothing in either the clerk's record or the reporter's record to show that a ruling on the subject was sought from, or made by, the trial court. What the record does show is that Knox and Winfield share the same office suite in Dallas but have different phone numbers.

On February 14, 2023, the jury convicted Elliott of the indicted offense. Pursuant to Elliott's election to have punishment assessed by the jury,[3] the jury returned a verdict that Elliott

---

[2]At this point in the proceedings, the trial court was the 294th Judicial District Court of Van Zandt County. On December 19, 2022, the 294th Judicial District Court assigned the case to the County Court at Law of Van Zandt County.

[3]Elliott's punishment election was a handwritten document that bears Elliott's signature and that, Elliott concedes, was prepared by Winfield.

should be fined $3,000.00 and imprisoned for three years.  That same day, the trial court entered judgment on the verdict.

On appeal, Elliott urges, as her sole issue, that she was denied her Sixth Amendment right to retained counsel of her choice because the trial court "allowed" Winfield to represent her at trial.  Elliott contends that this amounts to the trial court "*sua sponte* substitut[ing]" new defense counsel "on the day of trial."  Elliott contends that this was a "*de facto* substitution" by the trial court that is subject to a strong presumption against any waiver by Elliott of her right to retained counsel of choice.  Elliott contends that "this had the effect of depriving her of her right to [retained] counsel" of choice.  Elliott further contends that this is a "structural error" that requires reversal without conducting an analysis of whether error actually caused harm.  Elliott acknowledges that this is a direct appeal, not an application for habeas corpus alleging ineffective assistance of counsel.  Consistent with her contention that she need not show harm in this direct appeal, Elliott states that "the actual effectiveness of the substituted counsel is inapposite to this claim."  Nonetheless, in this direct appeal, Elliott proceeds to question the course of the trial, to assert that Knox "abandoned his obligation[s]" to her, and to cast aspersions at the effectiveness of Winfield.  Elliott makes contentions unsupported in the record about her understandings with Knox, her lack thereof with Winfield, and her own internal thought processes at the time Winfield appeared.  Elliott points to *appointed* counsel cases to urge that the trial court had a duty to act regarding the appearance of newly *retained* counsel (or more precisely, a suitemate of retained counsel that defendant claims she did not desire, but to

4

whom defendant did not object).  Elliott also seeks to excuse her failure to object based on cases

holding that no objection is needed to preserve an ineffective assistance of counsel claim.

## II.     Applicable Law

An element of the Sixth Amendment right to counsel "is the right of a defendant who

does not require appointed counsel to choose who will represent him."  *United States v.*

*Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *see Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex.

Crim. App. 2003) ("The right to assistance of counsel contemplates the defendant's right to

obtain assistance from counsel of the defendant's choosing.").[4]

However, this "right to counsel of choice" is not absolute, but rather "is circumscribed in

several important respects."  *Gonzalez-Lopez*, 548 U.S. at 144 (quoting *Wheat v. United States*,

486 U.S. 153, 159 (1988)); *Gonzalez,* 117 S.W.3d at 837 ("[T]he defendant's right to counsel of

choice is not absolute.").  Therefore, it is only when a trial court "*unreasonably or arbitrarily*

interferes with the defendant's right to choose counsel" that the trial court's "*actions* rise to the

level of a constitutional violation."  *Gonzalez*, 117 S.W.3d at 837 (emphasis added).

For example, trial courts have "wide latitude in balancing the right to counsel of choice

against the needs of fairness and against the demands of its calendar."  *Gonzalez-Lopez*, 548 U.S.

at 152 (citations omitted).  One balancing issue that comes up with some regularity is when

parties want to be represented by an attorney who is also a fact witness in the case, a situation

that could cause conflicts of interests and that also confuse or improperly sway a jury.  *See*

---

[4]Though, here, Elliott states that she retained counsel, a retainer fee is not required for the right to attach.  "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Gonzalez-Lopez*, 548 U.S. at 144 (quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–625 (1989)).

*Gonzalez*, 117 S.W.3d at 843. Another balancing issue arises "when a prosecutor switches sides to become defense counsel." *In re Meza*, 611 S.W.3d 383, 392 (Tex. Crim. App. 2020) (orig. proceeding). Other examples (citing either or both of *Gonzalez-Lopez* and *Gonzalez*) are plentiful enough that we perceive no necessity to derive a governing rule from other bodies of law, such as decisions regarding counsel appointed to indigent defendants, or decisions regarding a habeas corpus application alleging ineffective assistance of counsel. *See, e.g.*, *Bowen v. Carnes*, 343 S.W.3d 805, 808 (Tex. Crim. App. 2011) (orig. proceeding).

As a result, the question before this Court is as stated in *Gonzalez*, whether the trial court's actions unreasonably or arbitrarily interfered with Elliott's right to choose her counsel. *See Gonzalez*, 117 S.W.3d at 837.

But first, there is the question of error preservation. On this front, *Gonzalez* states, "[T]he trial court has an independent duty to ensure criminal defendants receive a fair trial that does not contravene the Sixth Amendment's central aim of providing effective assistance of counsel *once issues are raised that indicate a concern*." *Id.* at 840 (emphasis added) (citing *Wheat*, 486 U.S. at 161); *see In re Meza*, 611 S.W.3d at 392 ("In *Bowen*, we applied this maxim to state courts." (citing *Bowen*, 343 S.W.3d at 816)).

The parties cite to no "independent duty" case applying to this specific factual situation. Nor, more broadly, do the parties cite to any "independent duty" case where no party in the trial court lodged an objection. A reading of *Gonzalez* that would not require an objection would be divorced from *Wheat*, the case which *Gonzalez* cited on this subject. *Id.* at 840 (citing *Wheat*, 486 U.S. at 160). The foundational case of *Wheat* expressly required an objection to trigger the

6

duty of the trial court. "[T]he trial courts, *when alerted by objection* from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." *Wheat v. United States*, 486 U.S. 153, 161 (1988) (emphasis added).[5]

We, therefore, find that, on the *Gonzalez* question of whether the trial court's actions unreasonably or arbitrarily interfered with Elliott's right to choose her own counsel, a *Wheat* objection was required to complain of a breach of duty by the trial court.

## III.     Analysis

The record shows no objection by Elliott when Winfield appeared on her behalf.[6] Since *Wheat* (and *Gonzalez* when read in light of *Wheat*) makes an objection a prerequisite to lodging a complaint against the trial court, Elliott's failure to object means that she failed to preserve error.

We affirm the trial court's judgment.


                                                          Jeff Rambin
                                                          Justice


Date Submitted:          October 20, 2023
Date Decided:            November 2, 2023

Do Not Publish

---

[5]In *Wheat*, there was also an objection in the trial court. *Wheat*, 486 U.S. at 155.

[6]Arguably, this is not even a choice-of-counsel case. As far as can be seen on this record, Elliott's preferred counsel, Knox, never withdrew. For reasons not shown in the record, he did not attend trial.